UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

NGA TRAN-PEDRETTI,

                Plaintiff,

– against –

CIFC ASSET MANAGEMENT LLC, CIFC CORP.,
CIFC ACQUISITION CORP., CIFC PARENT
HOLDINGS LLC, PETER GLEYSTEEN, STEVE
VACCARO, OLIVER WRIEDT, FREDERICK
ARNOLD, SAMUEL P. BARTLETT, MICHAEL R.
EISENSON, JASON EPSTEIN, ANDREW
INTRATER, PAUL F. LIPARI, ROBERT B.
MACHINIST, TIM R. PALMER, and FRANK C.
PULEO,

                Defendants.

------------------------------------------------------------ x

13 Civ. _____

**NOTICE OF REMOVAL**



TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

      Defendants CIFC Asset Management LLC ("CIFCAM"), CIFC Corp. ("CIFC") , CIFC Acquisition Corp. ("CIFCAC"), CIFC Parent Holdings LLC ("CIFCPH"), Peter Gleysteen ("Gleysteen"), Steve Vaccaro ("Vaccaro"), Oliver Wriedt ("Wriedt"), Frederick Arnold ("Arnold"), Samuel P. Bartlett ("Bartlett"), Michael Eisenson ("Eisenson"), Jason Epstein ("Epstein"), Andrew Intrater ("Intrater"), Paul F. Lipari ("Lipari"), Robert B. Machinist ("Machinist"), Tim R. Palmer ("Palmer"), and Frank C. Puleo ("Puleo") (collectively referred to herein as "Defendants"), by their attorneys Epstein Becker & Green, P.C., respectfully seek to remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. As reasons therefor, Defendants states as follows:

## THE CIVIL COURT ACTION

1.      Plaintiff Nga Tran-Pedretti instituted an action against Defendants in the Supreme Court of the State of New York, County of New York, Index Number 651991/13 (the "Supreme Court Action."). A copy of the summons and complaint ("complaint") is annexed as Exhibit A.

2.      Upon information and belief, Plaintiff resides in Pound Ridge, New York. Defendants CIFCAM, CIFC, CIFCAC, and CIFCPH all have offices at 250 Park Avenue, New York, New York. Defendants Gleysteen, Vaccaro, Wriedt, Epstein, Intrater, Lipari, Machinist, and Arnold are all residents of the State of New York. Defendant Puleo is a resident of the State of Utah. Defendants Palmer, Eisenson, and Bartlett are all residents of the Commonwealth of Massachusetts.

3.      As set forth more fully below, Plaintiff's complaint seeks recovery of damages currently estimated to be in excess of $16,900,00.00, plus statutory interest, for damages she alleges to have suffered as a result of Defendants' alleged: (1) violations of the New York State Human Rights Law and New York City Human Rights Law; (2) violation of the Equal Pay Act of 1963, 29 U.S.C. § 206, *et seq.* (the "EPA"); (3) fraud under New York and Delaware law; (4) breach of fiduciary duty under New York and Delaware law; (5) violations of § 73-210(b) and § 73-605 of the Delaware Securities Act, 6 Del. C. § 73-101 *et seq.*; (6) violations of Rule 10b-5 of the Securities Exchange Act of 1934, 17 C.F.R. § 240.10.b-5 ("Rule 10b-5"); and (7) violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6, *et seq.* (the "Dodd-Frank Act"). Plaintiff also seeks punitive damages in the amount of $37,000,000.00.

4.      Plaintiff is a former employee of defendant CIFC.  Plaintiff alleges, among other things, that Defendants violated the EPA because she "was from the outset of her employment and continuing until she was discharged paid a substantially lower rate of salary, bonus compensation and benefits than those male employees of Defendant CIFC performing substantially equal work in jobs requiring similar skills, effort and responsibility performed under similar conditions." (Compl. ¶¶ 182, 188).  Plaintiff also alleges that Defendants violated Rule 10b-5, by making "false and misleading statements in connection with the purchase of . . . Preferred Stock and Equity Awards." (Compl., ¶ 244).   In addition, Plaintiff alleges that Defendants violated the Dodd-Frank Act by "discharging Plaintiff and taking other adverse employment action with respect to Plaintiff . . . during the term of her employment" after she disclosed to Defendants Gleysteen and Bartlett that they should not use "the estimated dollar amount and timing of cost synergies associated with the merger of Deerfield Capital Corp. . . . (formerly a NASDAQ listed company) ("Numbers") onto CIFC's asset management platform ("Transaction") . . . ." because the information "could likely be misleading for their intended purpose and there was little due diligence performed and little information to substantiate such amounts." (Compl., ¶¶ 98, 249, 252).  Plaintiff further alleges that Defendants discriminated and retaliated against her in violation of the New York State Human Rights Law and New York City Human Rights Law.

5.      The Supreme Court Action is removable from the Supreme Court to this Court pursuant to 28 U.S.C. § 1441(a) because the complaint raises several claims under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. §1331.

## BASIS FOR REMOVAL

6. Plaintiff alleges that while she was employed at CIFC, she purchased shares of stock of a predecessor company of CIFC, as well as shares of Preferred Stock of CIFC (the "Preferred Stock"). Plaintiff further alleges that throughout her employment at CIFC she was awarded grants of stock options, restricted stock, preferred stock units, and deferred compensation awards (the "Equity Awards"). Plaintiff contends that Defendants violated Rule 10b-5 by making "false and misleading statements in connection with the purchase of . . . Preferred Stock and Equity Awards." (Compl. ¶ 244).

7. Plaintiff further alleges that, in or around 2010-2011, while she was employed at CIFC, she disclosed to Defendants Gleysteen and Bartlett that they should not use the Numbers for a merger with Deerfield Capital Corp. because the information "could likely be misleading for their intended purpose" and "there was little due diligence performed and little information to substantiate such amounts." (Compl. ¶¶ 99, 102). Plaintiff further alleges that, upon information and belief, Gleysteen "knew that the Numbers could be misleading for their intended purpose" and "knew that the Numbers were not supported by the appropriate due diligence." (Compl. ¶¶ 100-101). Plaintiff contends that, despite Gleysteen's alleged knowledge, the Numbers were "used to estimate the benefits of the Transaction" and were submitted by Gleysteen to a special committee to approve the Transaction. (Compl. ¶¶ 103-104). Plaintiff alleges that her disclosures fall under the whistleblowing provision of the Dodd-Frank Act. *See* 15 U.S.C. § 78-u-6(h)(1)(A). Plaintiff further alleges that, because she made the disclosures regarding the Numbers, Defendants retaliated against her in violation of the Dodd-Frank Act by discharging Plaintiff and taking other adverse employment action with respect to Plaintiff . . . during the term of her employment." (Compl. ¶ 252).

8. The Dodd-Frank Act provides that, "[a]n individual who alleges discharge or other discrimination in violation of subparagraph (A) may bring an action under this subsection in the appropriate district court of the United States for the relief provided in subparagraph (C)." *See* 15 U.S.C. § 78-u-6(h)(1)(B)(i).

9. Federal courts have *exclusive* jurisdiction over federal securities law claims brought under the Securities Exchange Act of 1934, which includes claims brought under Rule 10b-5 and the Dodd-Frank Act. 15 U.S.C. § 78aa(a); *see Ackerman v. Nat'l Prop. Analysts, Inc.*, No. 92 Civ. 0022 (LJF), 1992 WL 84477, at *1 (S.D.N.Y. Apr. 10, 1992).

10. Because Plaintiff's claims under Rule 10b-5 and the Dodd-Frank Act are preempted, Defendants are entitled to remove the entire matter to this Court pursuant to 28 U.S.C. § 1441(a).

11. In addition, Plaintiff alleges that Defendants violated the federal EPA by paying her "a substantially lower rate of salary, bonus compensation and benefits than those male employees of Defendant CIFC performing substantially equal work in jobs requiring similar skills, effort and responsibility performed under similar conditions." (Comp. ¶ 182).

12. Because Plaintiff has asserted a claim under the federal EPA, Defendants are, for this additional reason, entitled to remove the entire matter to this Court pursuant to 28 U.S.C. § 1441(a).

13. This notice has been filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure. The first Defendants served received the Summons and Complaint on June 6, 2013. All Defendants are represented by the undersigned attorneys and have joined in this request for removal.

14. Upon the filing of this notice, Defendants will give written notice to Plaintiff and will file a copy of this notice with the Clerk of the Court, Supreme Court, New York County.

WHEREFORE, Defendants CIFC Asset Management LLC, CIFC Corp., CIFC Acquisition Corp., CIFC Parent Holdings LLC, Peter Gleysteen, Steve Vaccaro, Oliver Wriedt, Frederick Arnold, Samuel P. Bartlett, Michael Eisenson, Jason Epstein, Andrew Intrater, Paul F. Lipari, Robert B. Machinist, Tim R. Palmer, and Frank C. Puleo request that the Supreme Court Action now pending in the Supreme Court of the State of New York, County of New York be removed to this Court.

New York, New York
June 25, 2013

EPSTEIN BECKER & GREEN, P.C.

By: _____
Ronald M. Green
John F. Fullerton III
Lori A. Jordan
250 Park Avenue
New York, New York 10177-0077
(212) 351-4500
rgreen@ebglaw.com
jfullerton@ebglaw.com
ljordan@ebglaw.com
Attorneys for Defendants