UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NGA TRAN-PEDRETTI,                                13-cv-4420 (RJS)(KNF)

                Plaintiff,                ECF Case

    -against-

CIFC ASSET MANAGEMENT LLC, CIFC
CORP., CIFC ACQUISITION CORP., CIFC
PARENT HOLDINGS LLC, PETER
GLEYSTEEN, STEVE VACCARO, OLIVER
WRIEDT, FREDERICK ARNOLD, SAMUEL P.
BARTLETT, MICHAEL R. EISENSON, JASON
EPSTEIN, ANDREW INTRATER, PAUL F. LIPARI,
TIM R. PALMER, and FRANK C. PULEO,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PLAINTIFF'S COUNSEL'S RESPONSE TO
# ORDER TO SHOW CAUSE

Patrick J. Boyd, Esq.
370 Lexington Avenue, Suite 1012
New York, New York 10017-6503
Tel:  (212) 867-3675
Fax: (212) 867-5765
pboyd@theboydlawgroup.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

                                                                                      **Page**

I.    PRELIMINARY STATEMENT………..……………………………………………….1

II.   PROCEDURAL HISTORY………………………………………………………..…1

III.  STANDARD OF REVIEW…..………………………………………………………5

IV.  ARGUMENT………………………………………………………………………….6

     A. Counsel's Argument Was Not Without a Colorable Basis.…………………………...6

     B. Counsel's Argument Was Not Brought in Bad Faith.………………………………....7

V.    CONCLUSION…………………………………………………………………….....8

# **TABLE OF AUTHORITIES**

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)…..……………………………………. 5

*Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000)……………………………………. 5, 7 n. 2

*Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34 (2d Cir. 1995)……………….. 6, 7, 7 n. 2

*Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647 (2d Cir. 1987)… 7 n. 2

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. N.Y. 1999)……..... 6, 7, 8

*United States v. Seltzer*, 227 F.3d 36 (2d Cir. 2000)……………………..…………. 5, 6, 7

*Wilson v. Citigroup, N.A.*, 702 F.3d 720 (2d. Cir. 2012)………………………………. 5, 6, 7

## I.     PRELIMINARY STATEMENT

The undersigned counsel of record for Plaintiff Nga Tran-Pedretti ("Plaintiff") Patrick J. Boyd (hereinafter "Boyd" or "Plaintiff's counsel"), tenders this brief pursuant to the Court's March 5, 2014 Order to Show Cause and hereby shows cause that his actions at the February 28, 2014 conference do not merit sanctions because they were neither in bad faith nor without colorable basis in fact.

Respectfully, Boyd's interpretation of the Order at issue, the July 26, 2013 Scheduling Order, was deemed plausible by the Court as noted in the record of the February 28, 2014 conference. Plaintiff's counsel further submits that this interpretation was asserted in good faith and proffered in order to obtain for Plaintiff a full and fair opportunity to move for dismissal of Defendants' counterclaims – not for any improper or unethical purpose. As such, and in light of the facts and legal authority cited herein, Plaintiff's counsel respectfully submits that adequate legal cause is established such that the harsh penalty of sanctions is not warranted.

## II.    PROCEDURAL HISTORY

The underlying action was removed to this Court from New York State Supreme Court, New York County on June 25, 2013. On July 26, 2013, a preliminary conference was held, and thereafter a Case Management Plan and Scheduling Order was so ordered by this Court (the "Scheduling Order") (Boyd Dec. Exhibit A). On November 27, 2013, a request for an extension of discovery was tendered, which was granted by Order on December 2, 2013 (Boyd Dec. Exhibit B). The order was silent with respect to its impact upon any other dates in the initial Scheduling Order. On December 12, 2013, the Court granted a further extension of the discovery deadlines *sua sponte* by Order (Boyd Dec. Exhibit C). This Order, too, was silent regarding its impact upon other dates in the Scheduling Order.

On January 27, 2014, the last day of discovery as per Your Honor's Order, Plaintiff received approximately 300,000 pages of what – over the course of the next several weeks – developed into multiple post-discovery productions totaling over 800,000 pages by Defendants. Plaintiff wrote to the Court requesting a further extension of discovery in light of this late production and the prejudice it caused to Plaintiff.  A letter was submitted the very next day dated January 28, 2014. (Boyd Dec. Exhibit D).

While the foregoing request was outstanding, on February 4, 2014, Defendants wrote to this Court expressing their intention to move for partial summary judgment (Boyd Dec. Exhibit E).  Presumably, Defendants did so with the understanding that the Court's prior extensions impacted only the fact discovery end date without impact on other dates contained therein. Three days later, Plaintiff – consistent with the Scheduling Order requirement that a party respond to any pre-motion submissions within three (3) days – tendered her opposition to Defendants' letter (Boyd Dec. Exhibit F).

In that response letter, Plaintiff proffered her opposition to Defendants' letter motion **and specifically expressed that she would also move for summary judgment against Defendants' counterclaims**.  Undersigned counsel for Plaintiff also noted concerns regarding Defendants' late production which had a meaningful impact on Plaintiff's determination as to whether a motion dismissing Defendants' counterclaims would still be supported by the record.  Counsel specifically wrote: "unless the Court would prefer otherwise, Plaintiff will refrain from articulating her own dispositive motion intentions with regard to Defendants' counterclaims until she has reviewed the completed production." See Boyd Dec. Ex. F at 2.  This submission was more than fourteen (14) days before the pre-motion conference scheduled for February 28, 2014

as provided in the bracketed portion of Paragraph 11 of the Scheduling Order, but after the February 4, 2014 date written in that paragraph.

On February 10, 2014, this Court denied Plaintiff's motion for an extension of discovery by Order (Boyd Dec. Exhibit G).  On February 17, 2014, in light of the ruling precluding further discovery, undersigned counsel again advised the Court of Plaintiff's intention to move for summary judgment on Defendants' counterclaims with more comprehensive citations to the relevant legal authority (Boyd Dec. Exhibit H).[1]  This Court denied said motion on the grounds that it was not submitted by the February 4, 2014 date provided by the Court in the Scheduling Order (Boyd Dec. Exhibit I).  The Court ordered that Defendants' pre-motion letter was to be discussed in the conference on February 28, 2014.

On February 28, 2014, a conference was held in front of this Court relating to the close of fact discovery and dispositive motions.  (See the relevant portion of the transcript of the proceedings annexed to the Boyd Declaration as Exhibit J).  At this conference, undersigned counsel renewed his request for leave to move for summary judgment on Defendants' counterclaims.  Counsel highlighted the fact that his February 7, 2014 submission relating to counterclaims was tendered more than fourteen (14) days prior to the eventual February 28, 2014 conference.  The Scheduling Order reads, in relevant part, as follows:

> 11.    If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference.  Pre-motion letters are to be submitted by Feb 4, 2014.  [***To be completed by the Court***.  *The deadline will be no later than two weeks prior to the*

---

[1] In its March 5, 2014 Order, the Court notes that the February 17, 2014 letter was submitted less than fourteen (14) days prior to the February 28, 2014 conference (at 1 n.1).  In her February 7, 2014 letter, however, the Plaintiff had already expressed her intention to make such a motion subject to completion and review of the Defendants' post-discovery document productions.  See Boyd Dec. Ex. F at 2.  This argument was proffered to the Court at the February 28, 2014 conference, as well.  See Boyd Dec. Ex. J at 25:7-15 and at 26:7-18.  It was not Counsel's intent to suggest that the February 17, 2014 submission itself was timely.

>    *post-discovery status conference*.]  Pursuant to Rule 2.A of the
>    Court's Individual Practices, responses to pre-motion letters are to
>    be submitted within three business days from the date of service of
>    the initial pre-motion letter.  Pre-motion letters and responses shall
>    be submitted to the chambers' email address at
>    sullivannysdchambers@nysd.uscourts.gov (brackets, italics and
>    emphasis as in original).

See Boyd Dec. Ex. A at 3, ¶ 11.

In arguing that Plaintiff should be afforded the opportunity to move for summary judgment, the undersigned explained to Your Honor that he interpreted the Scheduling Order as providing for two separate mechanisms for a party to submit a pre-motion letter to the Court: (i) on or before February 4, 2014, or (ii) "no later than two weeks prior to the post-discovery conference," which was scheduled for February 28, 2014.  Plaintiff's counsel explained that, as an initial matter, the parties and the Court set forth a comprehensive set of dates for each of the various stages of this action on July 26, 2013.  Subsequent to the Scheduling Order, this Court extended the discovery deadline on two separate occasions and, thus, extended the deadlines for completion of depositions and close of discovery.  Each Order was silent regarding the other deadlines set forth in the Scheduling Order and neither party raised the issue.

Thus, despite the initial deadline of February 4, 2014, in light of the extensions, Plaintiff's counsel argued that the last possible date by which parties must submit any pre-motion letters could be no later than two weeks prior to the post-discovery status conference scheduled for February 28, 2014.  This logic was indeed implicit in the February 7, 2014 letter.  See Boyd Dec. Ex. F.

At the February 28, 2014 conference, this Court acknowledged that the Scheduling Order was ambiguous and subject to multiple interpretations.  See Boyd Dec. Ex. A, ¶ 11; Boyd Dec.

4

Ex. J at 27:8-10. When Plaintiff's counsel articulated his interpretation of Paragraph 11, the Court responded stating:

> I don't think that's a fair reading of that part of the case management plan. But I guess it does support that reading. I mean, if you think of it as a sort of contract, I guess I could say there's an ambiguity there.

(Boyd Dec. Ex. J at 27:6-10.)

When Defendants' counsel pressed the Court to reject Plaintiff's counsel's interpretation, stating that the language of the provision "couldn't be clearer," the Court responded to the contrary, stating:

> It could be clearer. I mean, I could probably put a line through that section, or take it out altogether, because there's no point in having it when there's a blank there that is a date that has the force of a court order. So I think it could be clearer, perhaps.

(Boyd Dec. Ex. J at 28:13-17.)

The Court also observed that, since motions had not been scheduled yet, an argument could be made that there was no harm done by this procedural misunderstanding. See Boyd Dec. Ex. J at 27:17-21. The Court then stated that it would take the issue regarding Plaintiff's entitlement to make a dispositive motion under consideration (ultimately granting Plaintiff the right to do so) and specifically stated that "I want to think about that and then I'll give you guidance on that." See Boyd Dec. Ex. J at 28:6-7. The court closed stating "[w]hat's giving me pause is the language that could support such an interpretation." (Boyd Dec. Ex. J at 29:6-8.)

### III.   STANDARD OF REVIEW

A district court's decision to impose sanctions derives from its inherent powers. *See, e.g.*, *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012) (citations omitted). Notably, "[a District] Court must be careful to ensure that any such decision to sanction a party or attorney is

5

made with restraint and discretion." *Id.* (citing and quoting *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000)).  Furthermore, "[b]ecause of their very potency, inherent powers must be exercised with restraint." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see also Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (finding that a "troublesome aspect of a trial court's power to impose sanctions, either as a result of a finding of contempt, pursuant to the court's inherent power, or under a variety of rules . . . is that the trial court may act as accuser, fact finder, and sentencing judge, not subject to restrictions of any procedural code and at times not limited by any rule of law governing the severity of sanctions that may be imposed.")

Consistent with the above legal authority and that set forth in this Court's order of March 5, 2014, in order to impose sanctions pursuant to its inherent power, a district court must find that "(1) the challenged claim was without a colorable basis **and** (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay." *See Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) (citing *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 38 (2d Cir. 1995) (emphasis added)).  Furthermore, a court's finding of bad faith "must be characterized by a high degree of specificity." *Id.* at 338 (citing and quoting *Milltex*, 55 F. 3d at 38.).  The Second Circuit also specifically holds that a finding of bad faith is required when the acts of counsel are for the advocacy of the clients interests.  *See Seltzer*, 227 F3d at 42.

### IV.   ARGUMENT

#### A.   Counsel's Argument Was Not Without a Colorable Basis

According to the applicable law, there is "no 'clear evidence' in the record that [counsel's] actions were 'entirely without color.'" *Wilson*, 702 F.3d at 724.  Counsel set forth a reasoned argument for a reading of the Scheduling Order which the Court openly acknowledged

6

was susceptible to more than one interpretation, including counsel's interpretation, stating "I guess it does support that reading" and "I guess one could say there's an ambiguity there," only describing the February 4, 2014 interpretation as the "better reading" of the two possible interpretations.  See Boyd Dec. Ex. J at 27:7-8, 9-10, and 16.

Accepting for purposes of this motion that counsel's interpretation was not "the stronger of the two [possible interpretations]," such a conclusion does not, therefore, merit the determination that it was put forth without any colorable basis.

### B. Counsel's Argument Was Not Brought in Bad Faith

The record does not reflect any indication of bad faith on the part of Plaintiff's counsel or that his argument was made for any "improper purpose."  *See, e.g., Wilson v. Citigroup, N.A.*, 702 F.3d at 724; *Schlaifer Nance & Co.*, 194 F.3d at 336 (finding that a court's imposition of sanctions under inherent powers doctrine requires a highly specific finding of bad faith); *Milltex*, 55 F.3d at 38, 40, and 41 (reversing sanctions imposed on attorney because there was insufficient evidence of bad faith).  Counsel was making an argument only to preserve his client's rights and protect her interests.  Further, such as here, where "actions are taken on behalf of a client, the district court must make an explicit finding of bad faith." *Seltzer*, 227 F.3d at 41-42. (distinguishing between cases wherein this higher standard for sanctions is applied and those where "the power [is] to police the conduct of attorneys as officers of the court, and to sanction attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith.").

Plaintiff's position was earnestly set forth in his February 7, 2014 letter, which explained Plaintiff's intention to move for summary judgment on Defendants' counterclaims in their

7

entirety in light of the then pending discovery issues. Further, Plaintiff's counsel's interpretation of Paragraph 11 of the Scheduling Order cannot have been "motivated by improper purposes such as harassment or delay" as the relief sought was simply to make a dispositive motion.[2] There is no prejudice to Defendants as the intention to move for such relief was already made known the Defendants and the Court. Moreover, to the extent that judicial economy is at issue, the resolution of claims by summary judgment is favored when possible, as was explicitly acknowledged by this Court in its March 5, 2014 Order. (See Boyd Dec. Ex. K at 2).

## V. CONCLUSION

For the reasons set forth above, and in the accompanying sworn Declaration of Patrick J. Boyd, the undersigned respectfully submits that the imposition of sanctions against Plaintiff's counsel is not warranted. In the event that the Court disagrees, the undersigned respectfully seeks the opportunity for oral argument consistent with Second Circuit guidance. *See, e.g., Schlaifer Nance & Co.*, 194 F.3d at 336 (holding that for motions seeking sanctions, "granting a hearing for oral argument would generally be the better practice.").

Dated: New York, New York
March 27, 2014

                                              THE BOYD LAW GROUP, PLLC

                                              By: _____/s/_____
                                              Patrick J. Boyd, Esq.
                                              370 Lexington Avenue, Suite 1012
                                              New York, New York 10017
                                              Tel:  (212) 867-3675
                                              Fax: (212) 867-5765
                                              pboyd@theboydlawgroup.com
                                              *Attorneys for Plaintiff*

---

[2] Absent extraordinary circumstances, a party has the right to file motions authorized by the Federal Rules of Civil Procedure. *See Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 652 (2d Cir. 1987); *Milltex*, 55 F.3d at 39; *See also Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000).

TO:    Ronald M. Green, Esq.
        John F. Fullerton, Esq.
        Epstein Becker Green
        250 Park Avenue
        New York, New York 10177-1211
        *Attorneys for Defendants*